# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**EDWARD SPRAYBERRY**                                                    **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO. 2:06CV209-P-A**

**HARDEE'S FOOD SYSTEMS, INC.**
**d/b/a STORE NO. 1501578**                                       **DEFENDANT**

## ORDER

This cause is before the Court on the plaintiff's Motion to Remand [6]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiffs originally filed this case in the Circuit Court of Panola County, Mississippi. The ad damnum clause of his Complaint purported to limit his recovery to $74,500.00 for injuries resulting from a slip and fall accident which occurred on defendant's premises on September 15, 2003.

Defendant removed the case based on the diversity statute; plaintiff responded by filing a motion to remand for lack of subject matter jurisdiction. The plaintiff is a citizen of Mississippi; defendant Hardee's is incorporated in North Carolina and has its principal place of business in Missouri. Hence, the requirement of complete diversity has been met; the only matter in dispute is whether the amount in controversy exceeds $75,000 exclusive of interest and costs as required by 28 U.S.C. § 1332.

[1]

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961). Still, "if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper" unless the plaintiff shows that at the time of removal he was legally bound to accept a lesser sum. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 n. 14 (5th Cir. 1995).

Although defendant recognizes that the Complaint purports to limit recovery to compensatory damages of no more than $74,500.00 per plaintiff, defendant argues that this sum is not controlling. It also urges that they have demonstrated by a preponderance of the evidence that the *actual* amount in controversy is in excess of $75,000 and that such a showing is sufficient unless the plaintiffs can demonstrate to a legal certainty that they are required to accept less.

Defendant's proof respecting the amount in controversy turns on the plaintiff's response to a Request for Admission aimed at limiting the plaintiff's ultimate recovery to no more than $75,000.00. The request for admission and plaintiff's response thereto are set forth below.

> Admit that you will not seek damages nor will you execute on a judgment or judgments rendered in your favor against the Defendant in excess of $75,000.00, exclusive of interest and cost.

> Plaintiff objects to this request since he has pleaded within his Complaint the amount of $74,500.00. However, the Request wants him to admit that he will not seek anything further than that. Discovery is ongoing; therefore, Plaintiff cannot admit nor deny as to whether he will seek a judgment in the excess of $75,000.00.

---

[1] Plaintiffs concede there is complete diversity between the plaintiffs and all properly joined and served defendants.

Exhibits A and B to defendant's Response.

Courts within this district have held that a plaintiff's refusal to admit or stipulate that she will not accept more than $75,000 in damages is sufficient proof that the jurisdictional amount exceeds $75,000. Fields v. Household Bank, 280 F.Supp.2d 530, 532 (N.D. Miss. 2003). See also McLain v. Am. Int'l. Recovery, Inc., 1 F.Supp.2d 628, 631 (S.D. Miss. 1998); Draper v. United States Fidelity & Guaranty Co., 2000 WL 268565, *3 (S.D. Miss. 2000). This is precisely the situation before the Court. In fact, not only did plaintiff maintain that position in the foregoing response to defendants' request for admission, he reiterated that position in his Motion to Remand.[2] Based on the foregoing facts and the persuasive authority cited by defendant, the Court concludes that the defendant has satisfactorily proven that the amount in controversy exceeds $75,000.00 and that the exercise of this Court's jurisdiction is appropriate.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Remand [6] is not well-taken and should be, and hereby is, DENIED. IT IS FURTHER ORDERED that the stay imposed by the Magistrate Judge pending a ruling on the instant motion is hereby LIFTED. IT IS FURTHER ORDERED that the parties are to contact the assigned magistrate judge concerning the entry of a scheduling conference within ten (10) days of the entry of this Order.

SO ORDERED, this the 26th day of July, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] "However, Defendant's basis for removal is based upon a response to Request for Admission from the Defendant. There is nothing ambiguous about Plaintiff's answer to that Request for Admission, as if future discovery indicates larger damages, then the Complaint will be amended to reflect so; however, at this time that is not the case . . . ." Plaintiff's Motion to Remand.